UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PIONEER HOME HEALTH,<br><br>          Plaintiff,<br><br>v.<br><br>TOMMY THOMPSON, *Secretary of the Department of Health and Human Services*, *et al.*,<br><br>          Defendants. | Civil Action No. 04-23 (CKK) |

**MEMORANDUM OPINION**
(March 30, 2006)

Presently before the Court is Plaintiff Pioneer Home Health's [7] Motion for Relief from Judgment. No opposition has been filed because it appears from the docket that no summons was ever issued with respect to any Defendant in the instant action. After considering Plaintiff's Motion, the procedural status of the case, and the relevant statutes and case law, the Court shall DENY Plaintiff's Motion for Relief.

**I. BACKGROUND**

Plaintiff, a home health agency and provider of Medicare home health services, filed a Complaint with this Court alleging that various Defendants violated the Medicare Act, 42 U.S.C. §§ 1395 *et seq.*, and the Administrative Procedures Act, 5 U.S.C. §§ 551 *et seq.*, based on the ultimate denial by the Administrator of the Centers for Medicare and Medicaid Services of Plaintiff's request for exception from reimbursement cost limits. Compl. ¶¶ 2, 3, 20, 26, 27. This Complaint was filed with the Court on January 9, 2004. *See dkt. entry* [1]. The docket

presently reflects that no summons was issued as to any Defendant in the instant action.  *See dkt. entry* (Jan. 9, 2004).

On July 12, 2004, this Court issued an [4] Order requiring that Plaintiff "either cause process to be served and proof of service to be filed with the Court, or file a status report with the Court that indicates why service has not been made," by July 26, 2004.  Plaintiff's counsel, Lucian J. Bernard, entered a [5] Notice of Appearance on the docket on July 26, 2004, but no indication as to proof of service was timely filed.  On November 1, 2004, the Court issued an [6] Order dismissing the instant action because "no evidence of service or a relevant explanation has been provided."

Plaintiff filed the instant Motion for Relief from Judgment on July 26, 2005–almost a full nine months after the Court issued its Order dismissing this case.  In Plaintiff's Motion for Relief from Judgment, Plaintiff requests relief from the instant Court's Order of dismissal under Federal Rule of Civil Procedure 60(b)(1) and (b)(6) based on Plaintiff's alleged difficulties using the Electronic Case Filing (ECF) system for the U.S. District Court for the District of Columbia.  Specifically, Plaintiff claims that "the Complaint and Summons were served upon the Defendants by certified mail."  Pl.'s Mot. Relief at 4;[1] *Id*. at Exh. 1(D).  Plaintiff further claims that "several" unsuccessful attempts were made to file an appearance, followed by "several" more attempts to electronically file an affidavit certifying that service had been made.  Pl.'s Mot. Relief at 5.  Plaintiff states that "[f]inally, on July 26, 2004, Counsel's Legal Secretary, after speaking with the clerk's office, faxed another Notice of Appearance, Affidavit of Service and

---

[1] Since the Motion/Memorandum submitted by Plaintiff lacks page numbers, the Court will refer to documents as they are numbered on ECF.

2

certified mail receipts to the clerk's office, per instructions. Apparently, only Counsel's Notice of Appearance was successfully filed." *Id.*

## II.  LEGAL STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure states:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

Fed. R. Civ. P. 60(b). Whether a party should be granted relief under Rule 60(b) is a matter left to the district court's discretion: "[T]he district judge, who is in the best position to discern and assess all the facts, is vested with a large measure of discretion in deciding whether to grant a Rule 60(b) motion, and the district court's grant or denial of relief under Rule 60(b), unless rooted in an error of law, may be reversed only for abuse of discretion." *Computer Professionals for Soc. Responsibility v. United States Secret Serv.*, 72 F.3d 897, 903 (D.C. Cir. 1996) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)).

## III.  DISCUSSION

### A.     *Plaintiff is not entitled to relief under Rule 60(b)(1)*

In making a ruling under Rule 60(b)(1), the D.C. Circuit has determined that a court should take three factors into account: "[W]hether (1) the default was willful; (2) a set-aside

3

would prejudice [the other party], and (3) the alleged [action] is meritorious." *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987) (citations omitted).  In considering these factors with respect to the instant case, the Court concludes that Plaintiff is not entitled to relief under Rule 60(b)(1).

Plaintiff states that in the instant case, "the default was not willful, but was the product of excusable neglect and/or a new federal filing system with some bugs apparently not quite worked out." Pl.'s Mot. Relief at 6.  Despite the fact that ECF was introduced in the U.S. District Court for the District of Columbia in 2001, incorporated by the local rules effective April 11, 2003,[2] and has been used successfully by thousands of litigants, Plaintiff's counsel appears to have ignored his responsibility to check the electronic docket and update the case to ensure that papers had been properly filed.  *See* Pl.'s Mot. Relief at Exh. 1(C) (Initial Electronic Case Filing Order, date stamped 1/09/2004) ("ORDERED: that counsel shall: **Check** the docket . . . Counsel is accountable for updates to the case.").  Despite the fact that Plaintiff's counsel was undeniably on notice that for whatever reason, he was incurring difficulties filing documents on ECF, the instant Court is astounded that Plaintiff's counsel did not check the docket to make sure that documents were ultimately properly filed.  The Court notes that the Court did not dismiss this case until November 1, 2004–over three months after Plaintiff was required the file proof of service on ECF.  Moreover, the instant Motion for Relief from Judgment was not filed until July 26, 2005–one year after which time Plaintiff had been ordered to file proof of service.

The Court also notes that Defendants would certainly be prejudiced if the Court granted

---

[2] *See* LCvR 5.4 ("Effective April 11, 2003").  "Except as otherwise provided in this Rule 5.4, all documents to be filed with the Court must be filed by electronic means in a manner authorized by the Clerk."  LCvR 5.4(a).

4

Plaintiff's Motion for Relief from Judgment, as the docket suggests that no summons was issued by the Clerk of this Court as to any Defendant in the instant case. *See dkt. entry* (1/09/2004) ("SUMMONS Not Issued as to BLUE CROSS & BLUE SHIELD ASSOCIATION; THOMAS SCULLY; TOMMY THOMPSON; UNITED GOVERNMENT SERVICES, LLC."). Despite Plaintiff's inclusion of five return receipts from the aforementioned parties dated in early February of 2004, it is less than clear that Defendants were ever *properly* served with the Complaint in the first place.

Finally, "motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense." *Lepkowski v. U.S. Dep't of Treasury*, 804 F.2d 1310, 1314 (D.C. Cir. 1986). *See also Murray v. District of Columbia*, 52 F.3d 353, 355 (D.C. Cir. 1995) ("It has long been established that as a precondition to relief under Rule 60(b), the movant must provide the district court with reason to believe that vacating the judgment will not be an empty exercise or a futile gesture."). The Court notes that by Plaintiff's own admission, "under Medicare regulations, there is a sixty day window to appeal a final agency action." Pl.'s Mot. Relief at 4; 42 U.S.C. § 1395oo(f). According to Plaintiff, "[o]n or about October 30, 2003, the PRRB decision was overturned by the Acting Deputy Administrator of CMS." *Id.*; Pl.'s Mot. Relief at Exh. 1 ¶ 6. The Complaint in the instant action was filed with the Court on January 9, 2004–more than sixty days after Plaintiff presumably received notice of the Administrator's action. *See dkt. entry* [1]. That Plaintiff's attorney, Mr. Bernard, claims to have sent the Complaint to the Clerk of the instant Court on December 23, 2003, is of little consequence, as is the fact that Mr. Bernard was not then admitted to the D.C. Bar and had to contact an attorney so admitted to proceed with the filing. *See* Pl.'s Mot. Relief at 4. A physical copy of the Complaint

5

itself is stamped "FILED Jan 09 2004," the date it was actually filed with this Court by Attorney William A. Dombi.  Considering the untimely nature of Plaintiff's filing of its Complaint, the Court concludes that it would be futile to vacate its judgment of dismissal.

### B.     *Plaintiff is not entitled to relief under Rule 60(b)(6)*

While Rule 60(b)(6) "gives the district judge broad latitude to relieve a party from a judgment," *Richardson v. Nat'l R.R. Passenger Corp.*, 49 F.3d 760, 765 (D.C. Cir. 1995), such latitude "should be only sparingly used," *Good Luck Nursing Home Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).  Relief under Rule 60(b)(6) is granted in only "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 199 (1950).  Such extraordinary circumstances may be present "[w]hen a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust . . . even though the original failure to present that information was inexcusable." *Good Luck Nursing Home*, 636 F.2d at 577.  However, a party that "has not presented known facts helpful to its cause when it had the chance cannot ordinarily avail itself on rule 60(b) after an adverse judgment has been handed down." *Id.*  To obtain relief in such a situation, then, the moving party must demonstrate that its case "is not the ordinary one." *Computer Professionals*, 72 F.3d at 903.  Relying on the analysis applied to Plaintiff's claim under Rule 60(b)(1), the Court also concludes that Plaintiff has not presented any evidence of extraordinary or otherwise compelling circumstances warranting relief within the Court's discretion under Rule 60(b)(6).

## IV.  CONCLUSION

For the aforementioned reasons, the Court shall DENY Plaintiff Pioneer Home Health's [7] Motion for Relief from Judgment.  An Order accompanies this Memorandum Opinion.


Date:   March 30, 2006

                                                  /s/
                                  COLLEEN KOLLAR-KOTELLY
                                  United States District Judge